UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| In re: | |
|---|---|
| Final Analysis, Inc. | Case No. 01-2-1039-DK |
| Debtor | Chapter 7 |

ANSWER TO TRUSTEE'S COMPLAINT FOR DAMAGES AND SANCTIONS UNDER
11 U.S.C. § 363(n)

Nader Modanlo ("Modanlo") files this Answer to the Trustee's Complaint for Damages and Sanctions Under 11 U.S.C. § 363(n) and in support thereof states the following:

1. Paragraph 1 sets forth conclusions of law requiring no response. To the extent Paragraph 1 contains allegations of fact, they are denied.

2. Paragraph 2 sets forth conclusions of law requiring no response. To the extent Paragraph 2 contains allegations of fact, they are denied.

3. Mr. Modanlo admits the allegations of paragraph 3.

4. Mr. Modanlo admits the allegations of paragraph 4.

5. Mr. Modanlo admits the allegations of paragraph 5.

6. With respect to the allegations of paragraph 6, Mr. Modanlo admits he is an individual residing in the State of Maryland. He further admits that prior to the bankruptcy he

owned stock in FAI and was an officer and director of that company. Mr. Modanlo denies that he was ever an "owner" of FACS, but admits that he is an officer and director of that company. Mr. Modanlo admits that he is an owner of NYS. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

7.     Mr. Modanlo admits that NYS is a Delaware limited liability corporation. Mr. Modanlo denies the any allegations of this paragraph that are not specifically admitted.

8.     With respect to the allegations of paragraph 8, Mr. Modanlo admits that Mr. Grammas is an attorney at the law firm of Gardner, Carton & Douglas, and that he has at times served as outside counsel to FACS, NYS and FAI. Mr. Modanlo denies that Mr. Grammas has ever represented him individually. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

9.     With respect to paragraph 9, Mr. Modanlo admits that several hearings were held in the referenced time frame, and that some or all of the referenced individuals appeared at those hearings. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

10.    With respect to paragraph 10, which is vague and confusing, Mr. Modanlo admits that the Court entered one or more orders on January 3, 2002, and states that those orders are documents that speak for themselves. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

11. With respect to paragraph 11, Mr. Modanlo denies that the Trustee only "attempted" to sell the FAI assets, but admits that the Trustee actually sold the FAI assets. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

12. Mr. Modanlo admits the allegations of paragraph 12.

13. With respect to the allegations of paragraph 13, Mr. Modanlo admits that Jai Gupta is a shareholder of FACS and that L-3 Communications, Inc. has been a strategic partner of FACS. Mr. Modanlo is without sufficient information to admit or deny the remaining allegations of this paragraph, and therefore denies those allegations.

14. With respect to paragraph 14, Mr. Modanlo admits that Mr. Gupta was once president of a company that hired Mr. Modanlo and Mr. Ahan. Mr. Modanlo is without sufficient information to admit or deny the allegations of this paragraph regarding Mr. Gupta's "personnel wealth," and therefore denies the remaining allegations of this paragraph.

15. Mr. Modanlo admits the allegations of Paragraph 15.

16. Mr. Modanlo is without sufficient information to admit or deny the allegations of Paragraph 16, and therefore those allegations are denied.

17. With respect to paragraph 17, Mr. Modanlo admits that Dr. Schettino was identified as a member of a group that submitted a bid on or about January 8, 2002. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

18. Mr. Modanlo denies the allegations of Paragraph 18, and states that NYS, not he, submitted a bid to purchase the FAI assets.

19. Mr. Modanlo is without sufficient information to admit or deny what the Trustee indicated to "the Protolex Group" regarding the bid process for the FAI assets. Mr. Modanlo admits that the Trustee indicated to Mr. Modanlo that the Trustee would submit the bid to the Court for approval on January 11, 2002. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

20. Mr. Modanlo is without sufficient information to admit or deny the allegations of Paragraph 20, and therefore those allegations are denied.

21. Mr. Modanlo is without sufficient information to admit or deny the allegations of Paragraph 21, and therefore those allegations are denied.

22. Mr. Modanlo is without sufficient information to admit or deny the allegations of Paragraph 22, and therefore those allegations are denied.

23. Mr. Modanlo denies the allegations of Paragraph 23.

24. Mr. Modanlo admits the allegations of Paragraph 24.

25. Mr. Modanlo denies the allegations of Paragraph 25.

26. Mr. Modanlo denies the allegations of Paragraph 26.

27. With respect to paragraph 27, Mr. Modanlo denies that he asked Mr. Gupta to transmit any proposal to Mr. Ahan, and consequently denies that Mr. Gupta said he would not do so. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

28. Mr. Modanlo is without sufficient information to admit or deny the allegations of Paragraph 28, and therefore those allegations are denied.

29. Mr. Modanlo is without sufficient information to admit or deny the allegations of Paragraph 29, and therefore those allegations are denied.

30. Mr. Modanlo admits that Mr. Modanlo left a telephone voice mail for Mr. Gupta on January 10, 2002, but denies the Trustee's characterization of the substance of that voice mail. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

31. With respect to Paragraph 31, Mr. Modanlo admits that the Protolex Group filed a motion to disqualify NYS' bid (which was denied), but denies the existence of any entity known as the "Modanlo Group."

32. With respect to the allegations of Paragraph 32, Mr. Modanlo states that the referenced motion is a document that speaks for itself. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

33. With respect to Paragraph 33, Mr. Modanlo admits that Mr. Grammas conveyed information to Mr. Greenan, as explained in this Court on January 11, 2002. Mr. Modanlo denies that the allegations of Paragraph 33 fully or accurately describe Mr. Grammas'

conversation with Mr. Greenan. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

34. Mr. Modanlo denies the allegations of Paragraph 34, and notes that the allegation erroneously assumes the existence of an offer extended by Mr. Modanlo to Mr. Gupta.

35. With respect to paragraph 35, Mr. Modanlo admits that the Court found no attempt to keep the information secret since Mr. Grammas contacted the Trustee's counsel as well as counsel for Mr. Ahan. Mr. Modanlo denies the Trustee's characterization of the Court's ruling and therefore denies those allegations. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

36. Mr. Modanlo denies the allegations of Paragraph 36.

37. With respect to paragraph 37, Mr. Modanlo admits that the Court adopted the Trustee's counsel's suggestion and ordered that NYS be required to give its last and best bid, which was then communicated to the Protolex Group. The Protolex Group was permitted to prevail in the bidding if it matched the NYS bid. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

38. With respect to the allegations of paragraph 38, Mr. Modanlo admits that NYS was the prevailing bidder in the auction at $1.1 million. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

39. Paragraph 39 sets forth conclusions of law requiring no response. To the extent Paragraph 39 contains allegations of fact, they are denied.

40. Paragraph 40 sets forth conclusions of law requiring no response. To the extent Paragraph 40 contains allegations of fact, they are denied.

41. In response to Paragraph 41, Mr. Modanlo incorporates his responses to the foregoing paragraphs.

42. Mr. Modanlo denies the allegations of Paragraph 42.

43. Mr. Modanlo denies the allegations of Paragraph 43.

44. Mr. Modanlo denies the allegations of Paragraph 44.

45. With respect to the allegations of paragraph 45, Mr. Modanlo denies that he ever took any action to jeopardize Mr. Gupta's relationship with L-3 and General Dynamics. Mr. Modanlo is without knowledge sufficient to admit or deny whether Mr. Gupta financially supported the Protolex Group in its bid. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

46. Mr. Modanlo denies the allegations of Paragraph 46.

47. Mr. Modanlo denies the allegations of Paragraph 47.

48. Mr. Modanlo denies the allegations of Paragraph 48.

49. Mr. Modanlo denies the allegations of Paragraph 49.

50. Mr. Modanlo denies the allegations of Paragraph 50.

51.   Mr. Modanlo denies the allegations of Paragraph 51, and notes that the bid procedures established at Trustee's counsel's suggestion precluded the estate from receiving more than NYS bid under any circumstances.

52.   Mr. Modanlo denies the allegations of Paragraph 52.

53.   In response to Paragraph 53, Mr. Modanlo incorporates his responses to the foregoing paragraphs.

54.   Mr. Modanlo denies the allegations of Paragraph 54.

55.   Mr. Modanlo denies the allegations of Paragraph 55.

56.   Mr. Modanlo denies the allegations of Paragraph 56.

57.   With respect to paragraph 57, Mr. Modanlo admits that as of January 9 and 10, 2002, NYS and the Protolex Group had each submitted bids for certain of FAI's assets. Mr. Modanlo denies any allegations of this paragraph that are not specifically admitted.

58.   Mr. Modanlo denies the allegations of Paragraph 58.

59.   Mr. Modanlo denies the allegations of Paragraph 59.

60.   Mr. Modanlo denies the allegations of Paragraph 60.

61.   Mr. Modanlo denies the allegations of Paragraph 61.

62.   Mr. Modanlo denies the allegations of Paragraph 62.

63. Mr. Modanlo denies the allegations of Paragraph 63.

64. Mr. Modanlo denies the allegations of Paragraph 64.

65. Mr. Modanlo denies the allegations of Paragraph 65.

66. Mr. Modanlo denies the allegations of Paragraph 66.

67. In response to Paragraph 67, Mr. Modanlo incorporates his responses to the foregoing paragraphs.

68. Mr. Modanlo denies the allegations of Paragraph 68.

69. Mr. Modanlo denies the allegations of Paragraph 69.

70. Mr. Modanlo denies the allegations of Paragraph 70.

71. Mr. Modanlo denies the allegations of Paragraph 71.

72. Mr. Modanlo denies the allegations of Paragraph 72.

73. Mr. Modanlo denies the allegations of Paragraph 73.

74. Mr. Modanlo denies the allegations of Paragraph 74.

75. In response to Paragraph 75, Mr. Modanlo incorporates his responses to the foregoing paragraphs.

76. Mr. Modanlo denies the allegations of Paragraph 76.

77. Mr. Modanlo denies the allegations of Paragraph 77.

78. Mr. Modanlo denies the allegations of Paragraph 78.

79. Mr. Modanlo denies the allegations of Paragraph 79.

80. Mr. Modanlo denies the allegations of Paragraph 80.

81. Mr. Modanlo denies any remaining allegations except as expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Trustee's claims are barred by the applicable statute of limitations.

2. The Trustee's claims are barred by res judicata or collateral estoppel.

3. The Trustee's Complaint fails to state a claim upon which relief may be granted.

4. The Trustee's claims are barred by waiver and/or estoppel.

5. The Trustee's claims are barred in whole or in part by intracorporate immunity.

6. The Trustee's claims are barred in whole or in part by accord and satisfaction and/or payment.

7. The Trustee's claims are barred in whole or in part for failure to mitigate damages.

8. The Trustee's claims are barred in whole or in part by failure of consideration and/or lack of privity.

9. The Trustee's claims are barred in whole or in part by the doctrine of unclean hands.

10. Mr. Modanlo reserves the right to assert additional affirmative defenses that may become known.

Date: October 31, 2003

NADER MODANLO
By Counsel

By: _____
Rodney H. Glover, MD Fed. Bar #07780
Attison L. Barnes, III, MD Fed. Bar #15198
Charles C. Lemley, MD Fed. Bar #15205
WILEY REIN & FIELDING
1776 K Street N.W.
Washington, D.C. 20006
(202) 719-7000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail, first class, postage prepaid, this 31st day of October 2003 on the following:

>James Hoffman
>Shulman Rogers Gandal Pordy & Ecker, P.A.
>11921 Rockville Pike
>Rockville, MD  20852

/s/ Charles C. Lemley
Charles C. Lemley

WRFMAIN 12080227.2